

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. B. L. Neal, Board Member
State Board of Hairdressers and Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. 0-4292
Re: Use of $2700.00 provided in
rider to appropriation to
State Board of Hairdressers
and Cosmetologists for addi-
tional personnel requirements

Your letter of the 29th instant submits the following question for an opinion by this department:

"Does the board have authority to use the rider amounting to $2700.00 for the purpose of employing the additional personnel which will be necessary to revise the filing and record keeping system which is now being used in the Board's office, for the year ending 1942."

The rider to the appropriation made for the State Board of Hairdressers and Cosmetologists for the current biennium provides in part as follows:

"Provided further the Board is hereby authorized to install a system of record keeping and there is hereby appropriated the sum of $11,511.00 for the installation and the sum of $2,700.00 for additional personnel requirements for the year ending 1942 and the sum of $9,989.00 for personnel and maintenance for the year ending 1943 out of the State Board of Hairdressers and Cosmetologists' Fund."

Your question is answered in the affirmative. In our opinion, the expenditure of the item of $2700.00 for additional personnel requirements is not intended to be available only for personnel necessary to keep up the new system of record keeping authorized to be installed. There is nothing in the language used by the Legislature to indicate that such a narrow construction of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS

the appropriation was intended. On the contrary, the broadest possible language is used, to-wit: "Additional personnel requirements for the year ending 1942." The main object of the appropriations provided by the rider is to enable the Board to transact its business efficiently and economically. We cannot believe that the item of $2700.00 was to be available only upon the installation of a new system of record keeping and the attendant expense of installing such a system, if, in the opinion of the Board, efficiency and economy will be attained in the transaction of the business of the department by a revision of the present filing and record keeping system, rather than by the installation of a new system of record keeping.

Furthermore, it is to be observed that the Legislature does not attempt to prescribe the character of the system of record keeping to be installed. This, then, is left to the judgment of the board. In the exercise of such discretion, the board, obviously, may determine to revise the existing record keeping system, rather than install a new system. If it does so, it may, in our opinion, employ and pay out of the $2700.00 item of appropriation the additional personnel necessary to make such revision.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Richard W. Fairchild
Assistant

RWF:ej

APPROVED DEC 31, 1941

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN